MICHAEL H. HAFFEY, Appellant, *v.* SARAH LYNCH, Respondent.

*It seems* the old rule in equity, that where in an action to compel specific performance of a contract to convey real estate, it appears that the defendant is unable to perform in consequence of a defect in his title, which arose after the making of the contract, without fault on his part, and the plaintiff knew of the defect when he commenced his action, the court will not retain the action for the purpose of awarding damages, has been so modified by the practice under the Code, which authorizes the joinder of legal and equitable causes of action, that in such case the action will be retained, and the issue as to breach and damages sent to a jury for trial.

Neither the old rule nor the ground upon which it was based had any application to a case where the defect has disappeared at the time of trial, and in such case, both under the old rule and the present practice, where it appears that there was a defect at the time of the commencement of the action, but the same has ceased to exist, and the vendor's title is valid and perfect at the time of trial, plaintiff is entitled to a judgment for specific performance.

In an action to compel performance of a contract to convey land "by the usual deed containing full covenants with warranty" these facts appeared: At the date of the contract defendant had such a title as she contracted to give. Thereafter an action of ejectment was brought against her by a third person, who claimed the land in fee, in which action a *lis pendens* was filed. In consequence of this defendant refused to make a conveyance. Plaintiff knew of this claim and of the *lis pendens* when he commenced the action. Before the trial, however, the ejectment suit was tried, the complaint dismissed, and the judgment affirmed by the General Term. No appeal was taken to this court and the time to appeal had expired. Plaintiff at the trial herein expressed his consent to accept a deed in terms as prescribed in the contract, and it did not appear that defendant had made any effort to remove the incumbrance of the *lis pendens*. *Held*, that plaintiff was entitled to the relief sought ; that it was defendant's duty to make all reasonable efforts to remove any obstacle that stood in the way of performance.

Equity courts, as a general rule, look at the conditions existing at the time of the close of a trial therein and adapt their relief to those conditions, and the plaintiff will not be turned out of court because of any defense interposed, if, at the time of trial the facts are such that, if he then commenced the action, he would be entitled to the equitable relief sought.

*Haffey* v. *Lynch* (68 Hun, 507), reversed.

(Argued June 15, 1894; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made at the April term, 1893, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This was an action to compel the specific performance by defendant of an agreement to sell certain real estate.

The facts, so far as material, are stated in the opinion.

*Charles Strauss* for appellant. The plaintiff has fully performed his contract and is entitled to specific performance. (Greenl. on Ev. § 113.) It is the general rule that where the vendee in such a contract has performed his part of it up to a given point, he cannot be put in default for non-performance further without a tender to him of a proper deed according to the terms of the contract, and a demand for what more is to be done by him. (*Lawrence* v. *Miller*, 86 N. Y. 137; *Leaird* v. *Smith*, 44 id. 618; *Carman* v. *Pultz*, 21 id. 547.) As the contract called for a deed containing full covenants with warranty, plaintiff had every right to get a deed that would give him a title which shall put him in all reasonable security, and which shall protect him from anxiety and from the annoyance of suits, and from possibly having the land taken from him or his representatives. (*Bigler* v. *Morgan*, 77 N. Y. 313; 3 Pars. on Cont. 378; *Vought* v. *Williams*, 120 N. Y. 257; *Moore* v. *Williams*, 115 id. 586; *Ferry* v. *Sampson*, 112 id. 415; *Fleming* v. *Burnham*, 100 id. 1; *Hellreigel* v. *Manning*, 97 id. 56; *Clarke* v. *Crandall*, 27 Barb. 73; *North* v. *Pepper*, 21 Wend. 636; *Cornwell* v. *Haight*, 21 N. Y. 462; *Skinner* v. *Tinker*, 34 Barb. 333.) The defendant being now

in a position to fullfill her contract should be compelled to do
so. (*Leaird* v. *Smith*, 44 N. Y. 619 ; *Worrall* v. *Munn*, 38
id. 137; *Cleveland* v. *Burrill*, 25 Barb. 532; *Bostwick* v.
*Beach*, 103 N. Y. 414; *Taylor* v. *Taylor*, 43 id. 578, 584;
*Mason* v. *Chambers*, 3 Monroe, 323; *Sibert* v. *Kelley*, 6 id.
674; *Pumpelly* v. *Phelps*, 40 N. Y. 66; 3 Washb. on Real
Prop. 471–474.) The refusal of the defendant to convey is
now based upon mere pretext. (*Pumpelly* v. *Phelps*, 40 N.
Y. 66; *Willard* v. *Taylor*, 8 Wall. 565; *Losee* v. *Morey*, 57
Barb. 561, 564–566; 2 Story's Eq. Juris. 746, 748, 751; 3 Pom.
Eq. Juris, § 1402; Fry on Spec. Perf. §§ 23, 25 ; *Rowen* v.
*Presbyterian Congregation*, 6 Bosw. 245, 268; *Seymour* v.
*Delancey*, 3 Cow. 445, 521; *Viele* v. *T. & B. R. R. Co.*, 20
N. Y. 184; *Stone* v. *Lord*, 80 id. 60; *Crary* v. *Smith*, 2 id.
60; *Brown* v. *Haff*, 5 Paige, 235; *Baumann* v. *Pinckney*,
118 N. Y. 604.) The deed tendered by the defendant does
not affect the plaintiff's right to a new deed in any view of
what occurred between the parties on the occasion of such
tender. (*Fonda* v. *Sage*, 48 N. Y. 181–183.)

*Henry H. Anderson* for respondent. Where the situation
of the parties has changed, and one of them can be put in his
original situation without fulfillment of the contract, while
performance of the contract would be a hardship to the other,
the court will not decree specific performance. (*Sternberger*
v. *McGovern*, 56 N. Y. 12; *Haffey* v. *Lynch*, 68 Hun, 507;
*Clarke* v. *R. L. & N. F. R. R. Co.*, 18 Barb. 350; *Trustees,
etc.*, v. *Thatcher*, 87 N. Y. 311–317; *Murdtfelt* v. *N. Y., W.
S. & B. R. R. Co.*, 102 id. 703; *Day* v. *Hunt*, 112 id. 191–
195; *M. E. Co.* v. *Ward*, 24 Abb. [N. C.] 393; *M. E. Co.* v.
*Ewing*, Id. 419.) The defendant, if liable at all, is liable for
damages only. (*Cockcroft* v. *N. Y. & H. R. R. Co.*, 69 N.
Y. 201; *Walton* v. *Meeks*, 120 id. 79, 82; *Whitman* v. *Bruce*,
118 id. 321, 419; *Northbridge* v. *Moore*, id. 419, 422.)

EARL, J. At an auction sale of the defendant's real estate
the plaintiff purchased a parcel of land described in the com-

plaint at the price of $7,800, and paid ten per cent of the purchase price besides certain fees and expenses. The parties signed a written contract specifying the terms of sale and the time and place of full performance by the parties. By the written contract the defendant was to convey the land " by the usual deed containing full covenants with warranty." The defendant did not tender to the plaintiff such a deed as he claimed he was entitled to, and then he commenced this action against her to compel the specific performance of the contract. Upon the trial of the action it appeared that she had at the time of the sale such a title to the land as she was bound to give. But subsequently one Nathaniel Jarvis, Jr., claiming the land in fee, brought an action of ejectment against her to recover the land and filed a *lis pendens.* The plaintiff knew of this claim and the *lis pendens* when he commenced this action, and solely on account of the existence of the *lis pendens,* and such knowledge thereof the court refused specific performance and dismissed the complaint. We think the learned court fell into error, and that upon the undisputed facts found it should have given to the plaintiff judgment for specific performance.

We must first notice the issue joined by the pleadings. The plaintiff alleged in his complaint the contract; that he had performed the same and was ready and willing to perform the same upon receiving such a conveyance as he was entitled to ; that after several postponements of time for the performance of the contract at the request of the defendant, her attorney tendered to him a deed of the land, at the same time saying to him that she could not give him a valid and marketable title to the land because it was incumbered ; that he rejected the deed on the ground of the alleged incumbrance upon the land, at the same time notifying her that he was ready and willing to perform on his part if she would give him such a deed as he was entitled to ; that she refused to give him such a deed ; that the title to the land was incumbered and rendered unmarketable by the *lis pendens* filed in the ejectment action ; that the defendant could at all times have

obtained the cancellation and discharge of the *lis pendens* and could have conveyed to him such a title as the contract entitled him to. She, in her answer, admitted the making of the contract, denied that he had performed or was ready and willing to perform the contract on his part, admitted the commencement of the ejectment suit and the filing of the *lis pendens ;* alleged that she had tendered to him such a deed as she was bound to give ; denied that she was at any time unable or unwilling to convey the land, and alleged that she could at all times since the execution of the contract have conveyed the title of the land to him according to the contract had she been so disposed, and that she has at all times been ready and willing so to do.

It thus appears that the issue between the parties was as to the performance of the contract, the plaintiff alleging that he had performed and was ready and willing to perform, and the defendant alleging that she had performed and was ready, willing and able to perform on her part.

On the trial the plaintiff was the sole witness sworn, and the trial judge after finding the ownership of the land by the defendant, and the making of the contract, found as follows : " That the plaintiff has in all things performed all the terms and conditions of said contract, and has been, on his part, ready and willing to fulfill the same, and accept a conveyance of the fee of the said property." " That the said defendant, through her attorneys, has, prior to the commencement of this action, refused to make said conveyance under the said agreement, notwithstanding the plaintiff's frequent requests therefor." " That such refusal on the part of the defendant to make such conveyance, was due to the fact that one Nathaniel Jarvis, Jr., had, after said sale, but before the day fixed for the delivery of the deed thereunder, commenced an action in ejectment in this court against said defendant, claiming the ownership of the premises in question, and had filed a notice of the pendency of said action in the office of the clerk of the city and county of New York, on March 6th, 1889."

" That thereafter, and before the trial of this action, the

said ejectment suit was brought to trial, and the complaint therein was dismissed, and from the judgment entered on such dismissal an appeal was taken to the General Term of this court, which court affirmed said judgment ; and no appeal from said order of the General Term has been taken to the Court of Appeals, and the time to do so has now expired."

" That the said plaintiff has expressed his consent at the trial of this action to accept from the defendant a conveyance of said land by the usual deed containing full covenants with warranty, subject to the reservations contained in the 8th paragraph of the said terms of sale."

" That less than three years have passed since the rendering of judgment and the filing of the judgment roll in the said decision of *Jarvis* v. *Lynch*."

And he found, as conclusions of law, " that the sale having been made in good faith, and the question as to the title of the said premises having arisen since the sale, the defendant should not be compelled to give a warranty deed or procure a policy of title insurance of the Lawyers' Title Insurance Company, insuring the title to the said premises to the plaintiff." " That the defendant is entitled to judgment dismissing the complaint upon the merits of the action." " That such judgment should be without prejudice to the right of the plaintiff to bring an action for damages for breach of the contract set forth in complaint."

The plaintiff has been defeated in his action thus far on the ground that it was impossible for the defendant to perform her contract at the time of the commencement of the action, and that he knew it was. She did not set up such a defense in her answer, but, on the contrary, alleged that she was able and ready to perform her contract; and there was no proof showing that it was then impossible for her to perform the contract. There was no evidence showing what basis, if any, the claim of title to the land by Jarvis had. It may have been colorable and not real or substantial. It did not appear that she had made any effort whatever to remove the incumbrance of the *lis pendens*. It was her duty to perform the

contract and to make all reasonable efforts to remove any obstacle which stood in the way of her performance.

The plaintiff was not in fault for refusing to accept a deed which the defendant at the time declared would convey an incumbered title. He was entitled to a marketable title. (*Moore* v. *Williams,* 115 N. Y. 586; *Vought* v. *Williams,* 120 id. 257.)

It is a general rule in equity that the specific performance of a contract to convey real estate will not be granted when the vendor, in consequence of a defect in his title, is unable to perform. In such cases specific performance is denied because the court cannot enforce its judgment and because also it would be oppressive to the vendor. But if the defect in the title existed at the date of the contract, or was due to some fault or to some act of the vendor subsequent to the contract, the court will generally entertain an action for specific performance and retain jurisdiction for the purpose of awarding damages for the breach of the contract. But where, as in this case, the defect in the title arises after the making of the contract, without any fault of the vendor, and the vendee knew of the defect in the title when he commenced his action, it was formerly the rule that the court would not retain the action for the purpose of awarding damages. ( *Wiswell* v. *McGowan,* Hoffman's Ch. 125; *Mooss* v. *Elmendorf,* 11 Paige, 277.) This rule was adopted because the vendee should not commence a fruitless action in equity simply to recover there his damages for a breach of contract. The rule has been modified since the Code practice which authorizes the joinder of legal and equitable causes of action, and while the equitable relief will be denied in such a case, now the action will be retained and the issue as to the breach of contract and damages will be sent to a jury for trial. (*Sternberger* v. *McGovern,* 56 N. Y. 12.)

But this rule was adopted in equity not solely because at the time of the commencement of the action the defects in the title existed to the knowledge of the vendee, but also because the case was such that at the time of the rendition of the judgment the court could not grant the equitable relief.

The rule and the ground upon which it is based have no application to a case where the defect has disappeared at the time of the trial and the court can then give an effective judgment for the equitable relief demanded; and no case can be found prior to this where an equity court has denied specific performance, because the vendor's title was defective at the commencement of the action, but valid and perfect at the time of the trial. In such a case why should not the vendor perform? He is able to, and the vendee is entitled to performance unless some other defense has intervened, and the court is able to enforce performance. Here the plaintiff was willing to take such a title as the defendant could convey at the trial. The ejectment suit had finally resulted in favor of the defendant. The *lis pendens* had ceased to be operative, and could, if necessary, have been removed. The fact that Jarvis could have paid the costs and taken a new trial under the statute is of no importance. There was final judgment against him, and the contingency that he might take a new trial is of no more importance than the contingency that some other person might at some time commence an action to recover the same land. Equity courts, in awarding relief, generally look at the conditions existing at the close of the trial of the action and adapt their relief to those conditions. The plaintiff, in an equity action, as a general rule, should not be turned out of court on account of any defense interposed to his action, if at the time of the trial the facts are such, that, if he then commenced his action, he would be entitled to the equitable relief sought.

If a vendor has no title or a defective title to land which he contracts to sell, and subsequently obtains a perfect title, he can be compelled by his vendee to perform his contract. (Fry on Specific Performance [3d ed.], 480.) And why should the vendor not be compelled to perform if he perfects his title while the action for specific performance is pending? A perfect title by the vendor is no part of the vendee's cause of action, and he is just as much entitled to the equitable relief, and the equity court is just as competent to give it, whether

the title of the vendor was perfected before or after the commencement of the action.

It does not appear that any thing occurred after the commencement of the action which should bar the relief asked by the plaintiff.   There are no complications growing out of the lapse of time, and no material change in the situation of the parties or of the land in controversy.

We, therefore, see no reason to doubt, upon the facts found, that the plaintiff was entitled to specific performance of the contract; and the judgment should be reversed and a new trial granted, costs to abide event.

Finch, O'Brien and Bartlett, JJ., concur; Peckham and Gray, JJ., dissent; Andrews, Ch. J., not sitting.

Judgment reversed.