Michael H. Haffey, Respondent, *v.* Sarah Lynch, Appellant.

*Action for the specific performance of a contract for the sale of land — right of a defendant to serve a supplemental answer setting up an ejectment suit brought after the action was at issue — costs and conditions imposed where the defendant has been guilty of* laches.

An action of ejectment having been commenced to recover possession of prop-erty which was the subject of a contract of sale, and a *lis pendens* having been filed therein, the vendor refused to perform, whereupon the vendee brought an action for a specific performance of the contract, or in case that could not be decreed for a recovery of the damages sustained by the vendee in consequence of the breach. Upon the first trial a judgment for the specific performance of the contract was rendered which was reversed by the General Term and a new trial ordered. Upon the new trial the complaint was dismissed, which dis-missal was affirmed by the General Term, but was reversed by the Court of Appeals in 1894, upon the ground that the action of ejectment in which the *lis pendens* had been filed had been terminated by a judgment in favor of the defendant.

On the third trial, which took place in 1899, evidence of the commencement of a new action of ejectment and of the filing of a new notice of *lis pendens* therein was excluded upon the ground that it was not pleaded. Thereafter the defendant made a motion at the Special Term for leave to serve a supple-mental answer setting up such facts, which motion was granted upon condi-tion that the defendant would pay all the costs of all the previous trials and appeals.

*Held,* that the defendant had an absolute right, under section 544 of the Code of Civil Procedure, to set up the facts in question by a supplemental answer, but

that, as she had neglected to apply for leave to serve the same until the case had been brought on for the third trial, she should be required to pay the costs of the third trial and to stipulate to waive all costs which had been awarded to her upon the former appeals or the former proceedings in the action in case she should eventually recover, and also to permit the plaintiff to discontinue the action without costs if he should be so advised.

APPEAL by the defendant, Sarah Lynch, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of November, 1899, as imposed conditions on the right granted to her to serve a supplemental answer herein, in the following terms, to wit:

" That the defendant, upon taxation thereof, forthwith pay to the plaintiff all costs in this action to date, including the costs of the previous trials and appeals therein, said costs to be taxed within five days from date; and that the plaintiff have leave to reply to the supplemental answer so to be served within twenty days after service thereof; and that the trial of this action be suspended until the *lis pendens* in the action now pending between Nathaniel Jarvis, Jr., plaintiff, and the defendant and others, defendants, herein sought to be set up, be canceled, or until that action be tried."

*Henry B. Anderson*, for the appellant.

*Charles Strauss*, for the respondent.

INGRAHAM, J.:

The situation in this case is peculiar. The action was brought for the specific performance of a contract for the sale of real estate. By the contract the defendant agreed to convey a good title to the plaintiff, which was to be insured by a title guaranty company. After the execution of that contract, before the time of the completion thereof, an action of ejectment had been commenced to recover possession of the property from the defendant, and a *lis pendens* was filed. At the time for the completion of the contract the plaintiff refused to accept a deed without the guaranty of title, and the defendant offered a conveyance without a warranty or covenant against incumbrance, which the plaintiff refused to accept. She then tendered to the plaintiff the amount which he had paid upon the

execution of the contract, which was also refused, and the action was brought for a specific performance, or, in case that could not be decreed, for the recovery of the damages sustained by the plaintiff in consequence of the breach of the contract by the defendant. Upon the first trial of that action the plaintiff offering to accept a deed of the property, judgment for a specific performance of the contract was awarded. Upon appeal to the General Term that judgment was reversed and a new trial ordered. (19 N. Y. Supp. 59.). Upon the new trial the complaint was dismissed, which dismissal on appeal to the General Term was affirmed. (68 Hun, 508.) On appeal to the Court of Appeals this judgment was reversed, it being there held that as it appeared upon the trial that the ejectment action in which the *lis pendens* had been filed had been terminated by a judgment in favor of the defendant against the plaintiff in the ejectment suit, the defendant could convey a good title to the property, and that under the circumstances the plaintiff was entitled to a decree for a specific performance. (143 N. Y. 248.) This reversal by the Court of Appeals was in the year 1894, and nothing further seems to have been done in the action until 1899, when it was brought on for the new trial ordered by the Court of Appeals. It appeared upon that trial that a new action of ejectment had been commenced against the defendant to recover possession of the premises in suit brought by the same plaintiff, and that a new *lis pendens* had been filed in such action. Counsel for the plaintiff objected to any evidence as to this new *lis pendens*, or the commencement of the new ejectment suit, and that testimony was excluded by the court upon the ground that it was not pleaded. The defendant then, with leave of the court, made a motion at Special Term for leave to file a supplemental answer, alleging the commencement of this new ejectment suit and the filing of a *lis pendens* therein, and that motion was granted upon condition that the defendant should pay all the costs of the action up to the present time. The defendant appeals from so much of this order as imposes as a condition of the service of a supplemental answer the imposition of these costs. The situation is peculiar in this, that it is the defendant, the vendor, who apparently seeks to set up by supplemental answer an objection to her title to the premises which, upon the record, the plaintiff seems to be willing to accept. The Court of Appeals held in deciding

this case that "Equity courts, in awarding relief, generally look at the conditions existing at the close of the trial of the action and adapt their relief to those conditions. The plaintiff, in an equity action, as a general rule, should not be turned out of court on account of any defense interposed to his action, if at the time of the trial the facts are such that, if he then commenced his action, he would be entitled to the equitable relief sought." Thus, the court, on the trial of this action, in determining the relief to which the plaintiff would be entitled, was to consider the situation of the property and the circumstances surrounding the transaction as they appeared at the trial. The trial judge held that the court could not consider a situation caused by facts which had occurred after the service of the answer unless such facts were alleged by way of supplemental pleading, and it would seem, for that reason, that it was proper that either party should have been allowed to have set up by way of supplemental pleading the commencement of this new ejectment action and the filing of the *lis pendens* therein. That being so, the question is then presented as to whether the court properly imposed as a condition for allowing the supplemental pleading to be served the payment of all the costs in the action, including all the appeals.

By section 544 of the Code of Civil Procedure a right is given to either party to have such facts alleged by a supplemental pleading upon such terms as are just. The imposition of all the costs in the action upon this defendant for allowing the service of a supplemental pleading, which merely alleges a fact which has occurred since the filing of the former pleading, but which would affect the relief which should be granted, which had no relation to the situation presented at the time at which the original contract was to be performed, there being no fault of the defendant by which the situation of the parties is changed, was not, it seems to me, justified. This defendant is not asking to be relieved of any default or mistake. The defendant has been at all times willing to comply with the contract to the extent of her ability. If the court should decree specific performance at this date, under the circumstances, it might well be that no costs in in the action would be awarded against the defendant, and if the action should be turned into one to recover damages against the defendant for a breach of the contract it might well be, considering the situation, that not more than nominal damages would be awarded

against her, and thus, those costs would not be charged against her. On the other hand, if, upon the trial of the action, it should appear that the plaintiff was not entitled to relief, as the costs would be in the discretion of the court, it might well be that the court would refuse to give the defendant costs, but, at any rate, this application is simply to present in a proper way to the court upon the trial of the action the existence of a fact which has occurred after the defendant's former pleadings, where no default or mistake of the defendant is to be excused, and where, under the Code, the defendant would have a legal right to have this fact appear by supplemental pleadings.

The failure of the defendant, however, to apply for leave to serve this supplemental pleading before the case was brought on for the new trial justified the court, we think, in imposing the costs of that trial as a condition for allowing the service of a supplemental pleading, which would include a trial fee and the disbursements of the plaintiff. We also think that the defendant should be required to stipulate to waive all costs which had been awarded to her upon the former appeals or the former proceedings in the action in case she should eventually recover, and further stipulate that the plaintiff may, if he is so advised, discontinue the action, without costs.

The order appealed from should, therefore, be modified accordingly, without costs to either party of this appeal.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order modified as directed in opinion, and, as modified, affirmed, without costs.