SAMUEL ROSENBERG, Respondent, *v.* AGNES F. HAGGERTY et al., Appellants.

SPECIFIC PERFORMANCE. Where in an action for the specific performance of a contract to convey real estate it appears that the defendant is unable to perform because of the pendency of an ejectment action against him, and there is no finding of culpable conduct on his part, a decree for specific performance within twenty days after the final determination of the ejectment action, and fixing the time when such action should be considered as determined, is unauthorized, and a new trial should be granted; if the defect in title continues, the plaintiff is entitled to a return of the purchase money, together with such expenses and damages as he may be able to prove; if it disappears, to a decree of specific performance.

*Rosenberg* v. *Haggerty*, 114 App. Div. 920, reversed.

(Argued October 23, 1907; decided November 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 3, 1906, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William F. Clare* for appellants. The vendee exercised his option to rescind the contract and is, therefore, only entitled to damages in this action. In so far as his action asks for specific performance it cannot be maintained. (*Haggard* v. *Scott*, 1 R. & M. 293; *Lewis* v. *White*, 16 Ohio, 444; *Sterinhardt* v. *Baker*, 25 App. Div. 205; *Greenblatt* v. *Hermann*, 144 N. Y. 13; *Kahn* v. *Chapin*, 152 N. Y. 305.) Time became of the essence of the contract and it would be inequitable to enforce the agreement at this date. (*Wiswall* v. *McGown*, 2 Barb. 270; *Babcock* v. *Emrich*, 64 How. Pr. 435; *Schmitt* v. *Reed*, 132 N. Y. 108; *Wells* v. *Smith*, 7 Paige, 22; *Day* v. *Hunt*, 112 N. Y. 191; *Baumann* v. *Pickney*, 118 N. Y. 604; *Baumeister* v. *Demuth*, 84 App. Div. 394.) The judgment should be reversed for the reason that it decrees performance of something to be done in the future

31

and beyond the power of the court to enforce. (Fry on Spec. Perf. [4th ed.] § 990; Waterman on Spec. Perf. § 125; *Peters* v. *Delaphine*, 49 N. Y. 362; *Sternberger* v. *McGovern*, 56 N. Y. 12; *Haffey* v. *Lynch*, 143 N. Y. 241; *Viele* v. *Troy*, *etc., R. R. Co.*, 20 N. Y. 184; *Jenkins* v. *Fahey*, 73 N. Y. 355; *Gervais* v. *Edwards*, 2 D. & W. 80; *Hinckley* v. *Smith*, 51 N. Y. 21; *Toole* v. *Toole*, 112 N. Y. 333; *People* v. *Open Board, etc.*, 92 N. Y. 98; *Mills* v. *Van Voorhis*, 20 N. Y. 412.)

*Albert A. Hovell* and *Charles Schwick* for respondent. The decree is not oppressive, does not require the defendants to perform the impossible, can be enforced and is not inequitable. (*Haffey* v. *Lynch*, 143 N. Y. 241; Fry on Spec. Perf. [3d ed.] 480.) The reasons underlying the refusal of courts of equity to enforce contracts by specific performance where the vendor at the time of the trial was not in a position to then convey are not present, and do not apply to the facts and decree in this case. (*Snow* v. *Monk*, 81 App. Div. 206.)

Gray, J. This action was brought to compel the defendants specifically to perform their contract for the sale of certain land and the decree, which orders specific performance, presents a question for our consideration upon this appeal. The plaintiff is the assignee of the vendee in the contract and his complaint averred his ability and willingness to perform the contract, his tender to the defendants of the balance remaining to be paid of the purchase money, at the time and place agreed upon for the closing of the title, and the inability and refusal of the defendants to deliver a conveyance of the fee of the land free from incumbrances, as agreed upon. The judgment prayed for was for the specific performance of the terms of the contract and that, if specific performance could not be had, the defendants should pay to the plaintiff the amount deposited on account of the purchase price, the sum of $125, for the expenses incurred, and the sum of $3,120 as damages. The answer of the defendants, simply, denied

the allegation as to damages and alleged the tender by the defendants, upon the plaintiff's refusal to accept the deed, of the amount of the moneys deposited, with interest, and such reasonable sum as the plaintiff might demand for the expenses incurred; which tender is alleged to have been refused.

The trial court made certain findings of fact and conclusions of law, upon which the judgment, or decree, now questioned, was directed to be entered. The facts alleged in the complaint were found and there was the special finding " that the inability of the defendants to perform the contract arose from the fact that at that time there was pending and undetermined an action brought in the Supreme Court, &ast; &ast; &ast; in which a summons and verified complaint and notice of pendency of action, &ast; &ast; &ast; were duly filed in the office of the clerk of Kings county, &ast; &ast; &ast; brought for the recovery and possession of the premises above described, and for damages," etc., against the then owner of the fee. As a conclusion of law, the court found that the pendency of the said action " constituted a legal objection to the title and rendered the defendants &ast; &ast; &ast; unable to perform the said contract according to the terms." Then followed this conclusion of law, which, so far as material, I shall quote: " The Court in the exercise of its discretion decides that a decree shall be entered for the specific performance of said contract by the defendants and for the conveyance by them to the plaintiff of the premises, upon payment by plaintiff of the balance of the purchase price, with interest, etc.; such contract to be so specifically performed within twenty days after the final determination of the action affecting said premises now pending in this court, (describing it). &ast; &ast; &ast; Said action &ast; &ast; &ast; shall be considered as finally determined on the first day wherein neither party can appeal, or further appeal, from any judgment, order, decree or proceeding therein, and when neither party can proceed further with said action, or when said action is, by consent, or by order from which no appeal lies, discontinued, or dismissed and *lis pendens* cancelled. In the event of the said action &ast; &ast; &ast; being

finally determined in favor of the plaintiff therein, then the plaintiff herein may move at the foot of the judgment * * * and shall be entitled * * * to a judgment against the defendants for Three thousand and twenty-five (3,025) dollars with interest, etc."

The decree in question followed the conclusion of law, which has just been quoted from, and was affirmed by the Appellate Division, by the unanimous vote of the justices. This disposition of the case, at the Appellate Division, precludes any examination on our part of the facts and confines us to the findings as made. Inspection of the record would not disclose the taking of any evidence, or anything beyond a colloquy between the judge presiding at the trial and the counsel; but that is of no consequence now and it is for this court to decide whether the decree was, within settled rules, a correct exercise of judicial discretion. I think that it was not and that the conclusion of law, which was embodied in the decree, had no sufficient basis in the facts as found. The difficulty with the case is not that the court was without power to exercise its discretion in the granting of equitable relief, but that the discretion was not judicially exercised upon the conditions as they were decided to exist. That is to say, that while the form of relief may rest in the discretion of the court, in order that that discretion, when exercised, shall appear to be sound and not arbitrary, it must find its justification in the circumstances of the case. Broad as is the jurisdiction of a court of equity in such cases, it, nevertheless, is governed in the administration of relief by settled principles and the action of the court is dependent not upon its pleasure, but upon the facts of the case and the condition of the parties. The facts of a case might be found to exhibit such culpable conduct on the part of the vendor, whether fraudulent, or neglectful, as to justify a decree in the nature of the present one at the suit of the vendee. But the findings here, and we cannot look beyond them, exhibit nothing except an inability on the part of the vendor to perform the contract of sale, because of the pendency of the

ejectment action. The trial court found the fact of the defendants' inability to perform and the fact that the pendency of the other action constituted a legal objection to the title; but no facts were found which would, directly, or impliedly, warrant this suspension of the decree over the defendants. If no such extraneous facts exist, the court could only adjudge the return of the purchase moneys deposited by the vendee, with such further sum to cover his expenses and damages, as he might be able to prove. In the case of *Haffey* v. *Lynch*, (143 N. Y. 241), to which both parties refer, the general rule in equity was stated to be that specific performance of a contract to convey real estate will not be granted when the vendor, in consequence of a defect in his title, is unable to perform. This rule expresses the general doctrine of the cases and text books, in that respect, and the reason for it is, of course, plain, in that not only it would be oppressive to the vendor to do otherwise, but the court could not enforce a judgment of specific performance. *Haffey* v. *Lynch* was an action brought by the vendee and it appeared that the pending action of ejectment, which constituted the legal objection to the title, had been brought after the making of the contract for the sale of the property and before the time for the closing of the title. Before the trial of the action for specific performance, however, the ejectment suit had been tried and the complaint therein had been dismissed. The judgment of the court below had refused to order specific performance and dismissed the complaint; but it was reversed in this court. We held that the general rule in equity, to which I have referred, is not applicable to a case where the defect in the title has disappeared at the time of the trial and where the court can give an effective judgment for the equitable relief demanded. It was observed that "equity courts, in awarding relief, generally, look at the conditions existing at the close of the trial of the action and adapt their relief to those conditions." If, in the present case, the pending ejectment action had been disposed of in favor of these defendants

before the trial came on, it would have been like the case of *Haffey* v. *Lynch* and the court could have, effectively, decreed specific performance by the defendants.

I think that this judgment should be reversed and that a new trial should be had of the action, wherein it may appear, either that the defect in the defendants' title continues, or that it has disappeared; in which latter event the court will be able to decree specific performance.

In another respect, I think that this decree went too far in its terms and that is with respect to fixing the time when the ejectment action should be considered as determined, for the purpose of directing specific performance. It would be sufficient if it was made to appear, simply, that the action had ceased to be pending and that the *lis pendens* had been canceled.

The judgment should be reversed and a new trial should be ordered, with costs to abide the event.

CULLEN, Ch. J., O'BRIEN, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.