### ROSENBERG v. HAGGERTY et al.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

1. VENDOR AND PURCHASER (§ 343*).— NONPERFORMANCE OF CONTRACT—DAMAGES.

Devisees who contract to sell land devised pending ejectment by a third person against testator, in which a notice of lis pendens has been filed, and who are unable to perform because of the action, are not liable for damages to the purchaser for a loss of the contract, unless there is evidence of fraudulent conduct on their part.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1023–1029; Dec. Dig. § 343.*]

2. VENDOR AND PURCHASER (§ 343*) — NONPERFORMANCE OF CONTRACT—DAMAGES.

Devisees contracting to sell land devised are not guilty of misconduct after the making of the contract in ignorance of a pending action in ejectment against testator, because they do not in haste offer themselves as defendants in ejectment, and hazard an immediate trial, and because they resist the effort of the plaintiff in ejectment to subject them to litigation, notwithstanding the promise of the purchaser to await the issue in the ejectment action, and the devisees unable to perform because of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pending action are liable, not for damages, but only to restore to the purchaser the partial payment made.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1023–1029; Dec. Dig. § 343.*]

Appeal from Special Term, Kings County.

Action by Samuel Rosenberg against Agnes F. Haggerty and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

See, also, 114 App. Div. 920, 100 N. Y. Supp. 1140, 189 N. Y. 481, 82 N. E. 503.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

William F. Clare (Louis B. Williams, on the brief), for appellants.
Albert A. Hovell (Harry W. McChesney, on the brief), for respondent.

THOMAS, J. Plaintiff's assignor, Blumenthal, and defendants, on April 6, 1905, entered into a contract for the sale of land devised to the latter by John McCullough, their father, deceased in 1908. Before closing title, it was discovered that a notice of lis pendens affecting the land had been filed on February 6, 1897, in an action of ejectment brought by one McConnell against John McCullough. This resulted in adjournments of the closing of title, one of which was conditioned upon plaintiff's paying $2,500 in addition to $400 theretofore paid, until May 27, 1905, when both parties were willing and ready to perform save as the pending action prevented. The present action was begun June 2, 1905. The relief asked is for specific performance, or, if that cannot be had, for judgment for damages, the amounts advanced and expenses. The complaint alleges that on the adjourned day for closing "the defendants were unable and refused and still continue to refuse to execute and deliver such conveyance in the manner and form provided for in and by the agreement herein set forth." The first trial was had in October, 1905, and judgment resulted for plaintiff for specific performance within 20 days after the final determination of the ejectment action favorably to defendants, and, in case of adverse judgment, for a money judgment for $3,025 and interest. This judgment was reversed by the Court of Appeals upon the ground that it was anticipatory of conditions not existing at the time of trial. A new trial was had in January, 1908, and plaintiff recovered judgment on January 10, 1908, for specific performance within 20 days after final determination favorable to defendants of the McConnell-McCullough action, or for $6,025 and interest, if such final determination favored McConnell. This sum is composed of payments made on the contract, expenses, and $3,000 damages.

Thus the trial court has again done what the Court of Appeals condemned in Rosenberg v. Haggerty, 189 N. Y. 481, 82 N. E. 503. The McConnell Case was tried December 17, 1906, and judgment entered January 4, 1907, dismissing the complaint on the merits, and

that judgment affirmed by this court in April, 1908, is now on appeal to the Court of Appeals, taken some two years ago, but not yet placed on its calendar. So that at the time of the first trial of this action the McConnell Case had not been heard, and at the date of the last trial was in the condition indicated. Although that action was at issue in 1897, it made no further progress, and the plaintiff herein, in default of the defendants taking such action, moved to dismiss the action for failure to prosecute, but the motion was denied upon the condition that McConnell proceed with the action before January 1, 1906, or make as much progress as possible. The defendants herein, by their present attorney, opposed a motion made by McConnell in December, 1905, to substitute the defendants in place of John McCullough, deceased, and that the action be "divided into two actions, one to recover the possession of the said property with damages for the rents and profits and the use and occupation thereof accruing after the death of said John McCullough and the other to recover damages for the use and occupation and for the withholding of said premises prior to the death of said" McCullough. After this motion was granted, the defendants refused to appear; but service of the summons upon them was completed by January 19, 1906. The case was noticed for trial by both parties, and after having been marked off was placed on the calendar by McConnell on five days notice; and although defendants appealed from an order denying their motion to strike it from the calendar, and moved for a stay pending such appeal, which was denied, the case was tried on December 17th, as stated. The court in awarding $3,000 damages to the plaintiff for the loss of his contract must have found that in making the contract and in discharging its obligation the defendants were guilty of misconduct equivalent to fraud. The complaint alleges no misconduct in making the contract, nor in their failure to fulfill, beyond their inability and refusal to perform. There is no charge or sufficient evidence that any of them knew of the McConnell action. Upon the trial one defendant, John F. McCullough, testified that he knew nothing of the McConnell action, and the single specific impeachment of this evidence suggested is his affidavit made May 25, 1905, wherein he states his recollection as to his father's litigations, and among other things says:

"That years later he heard of the filing of a lis pendens in the action of McConnell against McCullough which was brought shortly before the death of his father."

This indefinite statement is not so inconsistent with his testimony on the trial that he knew nothing of the lis pendens until the matter came up pending the closing of title, as to authorize the conclusion of fraudulent conduct on his own, and his brothers' and sister's part in making the contract. There should be ample affirmative evidence to warrant a finding of fraudulent conduct on the part of devisees who might well be ignorant of a dormant action brought against their father, in which they had no participation.

The remaining question is whether they were guilty of such misconduct after the making of the contract as would subject them to

damages. I do not perceive that their conduct subsequent to the execution of the contract increased or diminished the extent of their liability, unless they were guilty of bad faith in refusing to fulfill. The plaintiff's proposition is that the defendants should, although not parties, have moved to dismiss the McConnell action, and upon failure have offered themselves as defendants in their father's place and hazarded an immediate trial. The trial was not long delayed, but I do not regard it as legal misconduct that they did not in haste invite the peril of losing the land and paying damages, and that they resisted the McConnell effort to subject them to such litigation and costs. The present plaintiff testified that he was willing to await the issue, and so offered. But his promise was gratuitous and capable of instant withdrawal, while the defendants were exposed to protracted litigation. In short, as plaintiff would have it, a party to a contract for the sale of land, unable to fulfill through no fault of his own, must take up his ancestor's litigation, involving damages, and carry it forward, or be condemned for bad faith and to the consequent payment of damages. The defendants have not been shown unwilling to pay the money received by them. This restitution, with interest, was due the plaintiff as the alternative of specific performance.

The judgment should be reversed and new trial granted, costs to abide the final award of costs. All concur.

