LOUIS KUSSOLD and FRANK PETSCHE, Plaintiffs, *v.* JACOB BEHRMAN and ALBANESE SALVATORE, Defendants.

(Supreme Court, Kings Special Term, March, 1921.)

**Judgments — proceedings for sale of infants' real estate — title — specific performance — Code Civ. Pro., §§ 1646, 1679.**

> The complaint in an action brought against infants under section 1638 *et seq.* of the Code of Civil Procedure to compel a determination of their adverse claims to plaintiffs' title to certain real property set forth a proceeding for the sale of defendants' interest in the property, alleged that a sale thereof by their mother, as special guardian, was in good faith and for full consideration, and that a reconveyance of the property to her individually, who conveyed to plaintiffs, was made in good faith "and for the interest and welfare of the defendants." Judgment was entered in favor of plaintiffs forever barring the defendants from all claims to any estate, right, title or interest in and to the property. The vendee named in a contract for the sale of the property objected to the title as unmarketable on the ground that a finding of the court that the sale of the property to the mother was made "in good faith and for the interest and welfare of defendants" impressed some kind of a trust upon the property for the benefit of the infants. *Held,* that the answer to such contention was, that reading the quoted words in connection with the findings and judgment as a whole, which negatived any declaration of trust in favor of the infants, they meant simply that the infants' proceeding in its entirety, including the sale and disposition of the infants' interest in the property, was for their interest and welfare.

The findings of the court in the other action, that the special guardian "duly" sold the defendants' interest and that such sale, which was directly approved in the infants' proceeding, was made "in good faith and for a valuable and full consideration" was binding on the court in the present action and was an answer to a contention that any deed to the mother, as purchaser, was void under section 1679 of the Code of Civil Procedure, and that her deed to plaintiffs conveyed nothing.

Section 1646 of the Code of Civil Procedure does not confer upon infants an absolute right to a new trial, and a contention that such a right was sufficient of itself to render the title unmarketable, is untenable, and in a vendor's action to compel specific performance of a contract for the sale of the property the plaintiffs are entitled to judgment.

ACTION by vendors to compel specific performance of a contract for the sale of real estate.

Stephen F. Burkard, for plaintiffs.

Nathan D. Shapiro, for defendants.

KAPPER, J. Plaintiffs sue to compel specific performance by the defendants, their vendees named in a contract for the sale of real property. Objections to the marketability of the title were presented upon the trial by the defendants. The following facts appear: One Max Singer died intestate in 1910 seized of an undivided one-half interest in the property. He left as his only heirs-at-law seven infant children. In 1911 a proceeding was instituted in this court for the sale of the said interest of said infants, and their mother, Mollie Singer, was appointed their special guardian. Thereafter and pursuant to an order made in said proceeding the said special guardian sold and conveyed the infants' interests in said property to Julius Pearson and Morris Gerstenfeld by deed dated February 24, 1912. Two days later the said grantees **reconveyed said property to said Mollie Singer,**

individually, and she in turn conveyed to the plaintiffs herein by deed dated January 25, 1913. In January, 1920, the plaintiffs herein brought an action in this court (which will hereinafter be referred to as *Kussold v. Singer*) against the said infant heirs of said Max Singer, deceased, under the provisions of article 5 (§§ 1638 *et seq.*) of the Code of Civil Procedure, to compel a determination of their adverse claims to plaintiffs' title. The complaint sets forth the said proceeding for the sale of the interests of said infants in said property and alleged that the sale by the special guardian, Mollie Singer, to said Pearson and Gerstenfeld was in good faith and for full consideration, and that the sale by them to said Mollie Singer was made in good faith " and for the interest and welfare of the defendants." Jurisdiction of said infants was duly obtained and a guardian *ad litem* appointed who thereafter qualified and interposed the usual guardian's answer. The action was tried at a Special Term of this court in May, 1920, the guardian *ad litem* appearing and representing said infants on the trial. Thereafter, and on May 28, 1920, the court made and filed its findings and decision whereby judgment was awarded to the plaintiffs forever barring the defendants from all claim to any estate, right, title or interest in and to the said property and judgment was entered accordingly. The fifth and sixth findings were as follows: " V. That the sale of said real property so made by Mollie Singer as such special guardian to said Julius Pearson and Morris Gerstenfeld was made in good faith and for a valuable and full consideration, and the sale of said real property by said Julius Pearson and Morris Gerstenfeld to Mollie Singer was made in good faith and for the interest and welfare of the defendants. VI. That the sale of said real property by Mollie Singer to the plain-

tiffs in this action was made in good faith and for a full and adequate consideration, and the purchase price of said real property paid by the plaintiffs to said Mollie Singer was used by her for the support, maintenance and education of the defendants during their minority." Notwithstanding such judgment in the action of *Kussold* v. *Singer* the defendants at bar assert that the title is unmarketable. Their first objection seems to be that the words in the fifth finding "*in good faith and for the interest and welfare of the defendants*" impress some kind of a trust upon the property for the benefit of the infants. While the argument of defendants' counsel in this connection seems rather involved, I think the answer to any such contention is that the quoted words must be read in connection with the findings and the judgment as a whole, and when so read the words mean simply that the said infants' proceeding in its entirety, including the sale and disposition of the infants' interest in the property, was for their interest and welfare. Moreover, the form of the judgment negatives the contention that the court intended, by its findings and decision, to declare a trust in favor of the said infants. The defendants next claim that the testimony in the action of *Kussold* v. *Singer* discloses that Pearson and Gerstenfeld paid no consideration whatever for the said transfer to them by the special guardian; that this fact, together with the fact that they reconveyed the property to her individually two days later, stamps the transaction as colorable and strongly indicates that the special guardian herself was the real purchaser; and, therefore, that any deed to herself as purchaser was void under section 1679 of the Code, with the result that her deed to the plaintiffs in this action conveyed nothing. The answer to this contention is found in the court's findings to the effect that

the special guardian " duly " sold the infants' interest to said Pearson and Gerstenfeld and that such sale was made " *in good faith and for a valuable and full consideration.*" I am bound by this finding. Moreover, the said sale to Pearson and Gerstenfeld was directly approved by the court in the infants' proceeding. The principal contention, however, is that the infant defendants in the action of *Kussold* v. *Singer* have an absolute right under section 1646 of the Code to a new trial and that this right is of itself sufficient to render the title unmarketable. Section 1646 is as follows: " A final judgment in favor of either party, in an action brought as prescribed in this article, is conclusive against the other party, as to the title established in the action; and also against every person claiming from, through, or under that party, by title accruing after the filing of the judgment-roll, or of the notice of the pendency of the action, as prescribed in article ninth of this title. A new trial of said action after judgment shall not be granted as a matter of right, but the court may, in its discretion in the interest of justice, grant a new trial upon an application made by any party within one year after said judgment. But where a defendant is an infant, an idiot, a lunatic, an habitual drunkard, or imprisoned on a criminal charge or in execution upon conviction of a criminal offense for a term less than life, the said defendant shall have the right, within one year after his disability is terminated, to apply for and obtain a new trial of said action, and the representatives of such a defendant shall have the same right within one year after the death of said defendant, if such death occurs while the disability continues. Upon any new trial of an action, brought as prescribed in this article, the record of the evidence given upon the previous trial, may be again

offered to the court by either party, and may be received in evidence, in case the same evidence cannot be again procured. The courts may make such rules and orders as to preserving the record of the evidence given in such actions and perpetuating the proofs produced therein, either with or without the awarding of any other relief to the party whose proofs are so perpetuated, as shall be necessary or proper, and may embrace such directions in the judgment." Section 1646 of the Code does not seem to me to confer upon infants an absolute right to a new trial. In the case of infants the section simply dispenses with the necessity of making the application within one year after the judgment and permits the application to be made within one year after the disability is terminated when the application may or may not be granted as the interests of justice may require. However this may be, I think the rule formerly adopted in ejectment cases is here applicable. Prior to its repeal (Laws of 1911, chap. 509) section 1525 of the Code mandatorily required the court, upon application made within a stated period, to vacate the judgment and award a new trial in ejectment. Nevertheless, title has been held marketable and specific performance has been decreed despite the possibility of a second trial under this section. *Haffey* v. *Lynch,* 143 N. Y. 241. In the case cited it was said (p. 248): " Here the plaintiff was willing to take such a title as the defendant could convey at the trial. The ejectment suit had finally resulted in favor of the defendant. The *lis pendens* had ceased to be operative, and could, if necessary, have been removed. The fact that Jarvis could have paid the costs and taken a new trial under the statute is of no importance. There was final judgment against him, and the contingency that he might take a new trial is

of no more importance than the contingency that some other person might at some time commence an action to recover the same land. Equity courts, in awarding relief, generally look at the conditions existing at the close of the trial of the action and adapt their relief to those conditions.'' See, also, *Rosenberg* v. *Haggerty*, 189 N. Y. 485. In the *Haffey Case, supra,* the first action in ejectment had resulted in a judgment of dismissal. In the present, as already stated, the infants were barred by a judgment against them from all claim to the property in question. The situations are not dissimilar. The rule announced in the *Haffey* case, notwithstanding the *mandatory* character of section 1525, seems to me to be determinative in this case where section 1646, as I read it, is *permissive* only. Defendants also suggest that the bond required of the special guardian in the infants' proceeding was insufficient in amount under rule 57. The contention, I presume, is based upon the fact that the interest of the infants was sold for $500 while the bond was for the sum of $1,000 only. Even if it be assumed that the point can be raised in this action, there is no proof before me that the bond was not sufficient in the light of the information in the possession of the court when the amount was fixed. No authority is presented to the effect that exact mathematical accuracy in the fixation of the amount of the bond is a prerequisite to jurisdiction.

Judgment for plaintiffs, with costs.