## HAFFEY *v.* LYNCH.

(*Supreme Court, General Term, First Department.* May 13, 1892.)

SPECIFIC PERFORMANCE—GOOD FAITH OF COMPLAINANT.

> Where a vendor under a contract to convey a clear title by warranty deed with title insurance is unable to procure title insurance, and thereupon offers to convey such title as she has, or to return to the vendee his installment of the purchase money and his expenses, but he refuses to accept the offer, and sues for specific performance of the contract, or in default thereof for expenses and $5,000 damages, he will not be permitted at the trial to waive the conditions of the contract, which he had refused, and compel the vendor to give him warranty deed.

Appeal from special term, New York county.

Action by Michael H. Haffey against Sarah Lynch for the specific performance of a contract to sell land. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Anderson & Howland,* (*G. W. Murray* and *H. H. Anderson,* of counsel,) for appellant. *Edward Browne,* (*C. Strauss,* of counsel,) for respondent.

VAN BRUNT, P. J. On the 2d day of February, 1889, the defendant sold at auction certain real estate, including the premises in question. The terms of sale required the defendant to convey a clear title by warranty deed, accompanied by a policy of title insurance of the Lawyers' Title Insurance Company. The plaintiff bought in the two lots in controversy, and at that time paid 10 per cent. of the purchase price. The balance of the purchase price was to be paid on the delivery of the deed, with the option to the purchaser to pay 60 per cent. thereof by a purchase-money mortgage. At the time of the auction sale the defendant was in possession of the premises in question, and believed herself to be the owner in fee simple without incumbrances, except those set forth in the terms of sale. After the sale, and before the day fixed for the delivery of the deed, an action in ejectment was begun against

the defendant, and a notice of *lis pendens* filed in that action. At the time of the sale the defendant had no knowledge of the claim sought to be enforced by this action in ejectment. Shortly thereafter the defendant stated the facts with respect to the beginning of the action of ejectment, and offered to convey to the plaintiff the title to the premises in question as it then was, or to return to him the installment of the purchase money paid by him, with interest and all lawful expenses incurred, and tendered to the plaintiff the amount thereof in United States currency; whereupon the plaintiff refused to accept the title, as it was not clear, or to accept said repayment. The plaintiff thereupon commenced this action, alleging that the defendant's title to the premises was incumbered by said ejectment suit and by said adverse claim, and that by reason thereof the title of the defendant to the premises was incumbered, not marketable, and doubtful. The plaintiff further alleges that the defendant could have obtained the cancellation of the said notice of pendency of action, and conveyed a title to plaintiff according to the terms of the contract, had she been so disposed, and demands judgment for a specific performance of the contract of sale, or, if the defendant could not make a good marketable title to the premises, that she pay to the plaintiff the amount of his deposit with interest, auctioneer's and exchange fees, the sum of $500, his expenses incurred under the said agreement, and $5,000 damages. At the end of the trial at special term the plaintiff for the first time stated that he would take a deed from the defendant without the title insurance required by the terms of sale, and judgment was entered directing the defendant to execute a warranty deed of the property to the plaintiff upon his paying her the balance of the consideration money named in the contract, without interest. From this judgment the defendant now appeals to this court. Apart from the question as to whether the plaintiff has shown a tender of the purchase money and a demand for a deed, it seems to us, under the circumstances, to be inequitable that the defendant should be called upon to specifically perform the contract in question. No offer was made by the plaintiff to accept a deed simply, until after the trial of this action was ended, so far as the taking of testimony was concerned. Up to that time the plaintiff had insisted upon his pound of flesh, and that was the nature of the bill of complaint which was filed by him; and it seems to us that it was too late for the plaintiff to change his mind upon the trial, and waive conditions of the contract, which he had repeatedly refused. A purchaser should not be permitted to speculate upon defects in the title, and to decline the title, and when it subsequently appears to be advantageous to him to accept the same, to be allowed to change his entire position. And, furthermore, it may be doubtful whether the plaintiff should be permitted, under any circumstances, to waive the giving of the policy of insurance. That was a condition for the benefit of the defendant as well as the plaintiff, and the defendant should not be compelled to give a warranty for a title which she cannot insure. We think that now to compel the defendant to specifically perform the contract would be an undue hardship. She acted in good faith; the sale was made by her, believing herself to be the undisputed owner of the property; the cloud on the title was not created by her, and no claim was made or intimated until after the sale. In the face of the adverse claim the defendant should not be required to give a warranty, having acted in perfect good faith. Specific performance being discretionary with the court, such performance should not be decreed, where it will result in hardship and injustice. The party claiming under the contract should be remitted to his action for damages, which will entirely indemnify him for any loss which he may have sustained. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event.

All concur.