MICHAEL H. HAFFEY, Appellant, *v.* SARAH LYNCH, Respondent.

*Sale of real estate — refusal of a purchaser to accept a deed — speculating upon defects in a title — loss of right to compel specific performance.*

A purchaser of real estate should not be permitted to speculate upon defects in title and decline the title; and subsequently, when it appears to be advantageous to him to accept the same, be allowed to change his entire position.

Actions for specific performance cannot be resorted to for the purpose of obtaining an extension of time for the completion of a contract for the sale of real property.

A purchaser of real estate refused to accept a deed because of the pendency of an action of ejectment and an incumbrance created by a notice of *lis pendens*, but brought an action demanding specific performance of the contract by the seller, with a deduction for the incumbrance, or else damages.

The action of ejectment having terminated favorably to the seller before the trial of the purchaser's action, the latter, on the trial, offered to accept a deed according to the original contract.

68   507
143a 241

68   507
85   107

68   507
25ap204

68   507
s46ap162

*Held,* that the purchaser could not then, long after the expiration of the time stipulated for the delivery of a deed, be allowed to change his position and the theory of his action, but that specific performance should be refused and the purchaser be remitted to his action for damages.

APPEAL by the plaintiff, Michael H. Haffey, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 25th day of January, 1893, upon a decision of the New York Special Term, dismissing the complaint upon the merits.

*C. Strauss,* for the appellant.

*H. H. Anderson,* for the respondent.

VAN BRUNT, P. J.:

The facts found by the learned court upon the trial of this case were that on the 28th of February, 1889, the defendant was the owner in fee and possessed of the real property described in the complaint; that on said day she offered the same at auction and the plaintiff became the purchaser thereof for the sum of $7,800, being the highest bidder therefor, and that a memorandum of sale was on said day signed by both parties, the defendant agreeing to convey by the usual deed containing full covenants and warranty subject to certain reservations, covenants and conditions; that the plaintiff had in all things performed the terms and conditions of his contract, and had been on his part ready and willing to fulfill the same and to accept a conveyance of the property, and the defendant refused to make said conveyance under said agreement, notwithstanding the plaintiff's frequent requests; that such refusal was due to the fact that after said sale and before the day fixed for the delivery of the deed thereunder, an action in ejectment was commenced in this court against the defendant by a person claiming the ownership of the premises in question, who had filed a notice of the pendency of the action in the office of the clerk of the county of New York, and that theretofore and before the trial of the action which resulted in the judgment appealed from, the said ejectment suit was brought to trial and the complaint dismissed, and from the judgment entered thereon an appeal was taken to the General Term, which court affirmed the judgment, and no appeal from the order of the General Term was taken to the Court of Appeals, and the time to do so was

then expired; that the plaintiff had expressed his consent at the trial of the action to accept from the defendant a conveyance of the land according to the contract of sale, and that less than three years have elapsed since the rendering of the judgment and the filing of the judgment roll in the ejectment action.

Upon these facts the court found, as conclusion of law, that the sale having been made in good faith, and a question as to the title having arisen, the defendant should not be compelled to give a warranty deed, and accordingly dismissed the complaint upon the merits of the action, with costs.

If these were all the facts which were established by the pleadings and the evidence, we should be inclined to hold that a case for specific performance had been made out by the plaintiff. But as the court may look into the evidence to support the judgment where there is no finding upon any point (*Marvin* v. *Brewster Iron Mining Co.*, 55 N. Y. 547; *Berger* v. *Varrelmann*, 127 id. 293), upon examining the record in this case certain undisputed facts appear which place an entirely different complexion upon the attitude of the parties.

It appears from the complaint and also from the evidence of the plaintiff that after the discovery of the filing of the *lis pendens* the defendant offered to return the amount paid on deposit and to rescind the contract, and upon the refusal of the plaintiff so to do, the defendant tendered to plaintiff a deed of the premises, stating, however, that on account of this *lis pendens* the same were not free of incumbrances. The plaintiff refused to accept this deed, stating as his objection that the same was so incumbered by the notice of the pendency of the action, and then tendered the balance of the purchase money, which the defendant refused. The plaintiff then commenced this action, praying judgment that the defendant specifically perform the agreement and that a just deduction be made on account of said incumbrance, and that if the defendant could not make a good and marketable title to the premises she pay to the plaintiff the amount of his deposit, auctioneer's and exchange fees and $5,000 damages.

Under these circumstances the court held upon the previous appeal that specific performance should not be decreed, and reversed a judgment for such performance. It is true that at the time of

the previous trial, the ejectment suit was pending, but that in no manner affected the nature of the action. The plaintiff placed himself upon what he deemed his strict legal rights; and he having insisted then upon such strict legal rights, and he not being then entitled to a judgment of specific performance as was held upon the former appeal, he cannot now come in and say that he is willing to accept the deed which he refused, because of the happening of subsequent events. As was said upon the decision of the previous appeal, " No offer was made by the plaintiff to accept the deed simply, until after the trial of this action was ended so far as the taking of testimony was concerned. Up to that time the plaintiff had insisted upon his pound of flesh, and that was the nature of the bill of complaint filed by him, and it seems to us that it was too late for the plaintiff to change his mind upon the trial and waive conditions of the contract which he had repeatedly refused. A purchaser should not be permitted to speculate upon defects in title, and decline the title ; and when it subsequently appears to be advantageous to him to accept the same, be allowed to change his entire position."

These views are entirely consistent with the present position of the plaintiff. At the time of the bringing of this action he was not willing to accept the title, but claimed that it was defective, and he speculated upon the defect. Having lost in such speculation he cannot now be allowed to claim the advantages of the favorable change in conditions which have occurred since the commencement of the action. Actions for specific performance cannot be resorted to for the purpose of obtaining extensions of time for the completion of contracts, and the plaintiff should be remitted to his action for damages.

The judgment should be affirmed, with costs.

O'BRIEN, J., concurred.

Judgment affirmed, with costs.