NATHANIEL JARVIS, JR., Appellant, v. SARAH LYNCH, as
    Executrix and Devisee under the Will of WILLIAM LYNCH,
    Deceased, et al., Respondents.

1. NEW YORK CITY — COLONIAL GRANT — HARLEM TIDEWAY LANDS.
Lands on the west side of the Harlem river, between high and low-water
marks, did not pass by the Governor Nicolls grant of 1666 to the free-
holders and inhabitants of Harlem, and title thereto is not derivable from
those grantees.

2. EJECTMENT — INSUFFICIENT EVIDENCE AS TO LOCATION. It is fatal
to a recovery in ejectment that the plaintiff's evidence would not support
a reasonable inference that the property described in the complaint was
comprehended within the early grants relied upon as links in the record
chain of title.

3. TITLE TO LANDS OUTSIDE THOSE APPROPRIATED NOT AFFECTED BY
STREET OPENING. The proceedings for the opening of Eighth avenue,
confirmed in 1816, had no effect upon the titles to lands outside of those
actually appropriated by the public authorities.

Jarvis v. Lynch, 91 Hun, 349, affirmed.

(Argued December 14, 1898; decided January 10, 1899.)

APPEAL from a judgment of the late General Term of the
Supreme Court in the first judicial department, entered March
23, 1896, upon an order denying a motion for a new trial
upon the plaintiff's exceptions, ordered to heard in the first
instance at General Term, overruling the exceptions and
directing that defendants have judgment dismissing the
complaint.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Samuel Untermeyer* and *Anderson Price* for appellant.
The property in question is fully identified as to its extent,
use and occupation in connection with, and appurtenant to, the
upland, by the plaintiff's ancestors, by the testimony of wit-
nesses produced by the plaintiff. (*Abeel* v. *Van Gelder*, 36
N. Y. 513; *Enders* v. *Sternbergh*, 2 Abb. Ct. App. Dec.
31.) That this land was above the line of high-water mark is
abundantly and positively proven by the testimony of all the

witnesses and of the maps in evidence. (*Sherman* v. *Kane*, 86 N. Y. 72; *Scholle* v. *Mayor, etc.*, 25 N. Y. S. R. 848; 119 N. Y. 613; *Trustees of East Hampton* v. *Kirk*, 68 N. Y. 462; *Scofield* v. *Hernandez*, 47 N. Y. 313; *Schuchardt* v. *Mayor, etc.*, 53 N. Y. 210; *Matter of Comrs. of Central Park*, 50 N. Y. 495; *Matter of Canal & Walker Streets*, 12 N. Y. 406; *King* v. *Mayor, etc.*, 36 N. Y. 182; *Mayor, etc.*, v. *Erben*, 38 N. Y. 305; *Bartels* v. *Cunningham*, 8 Abb. N. C. 226.) The court having admitted the record title, the question as to whether the description included the *locus in quo* was a question of fact for the jury, and the dismissal of the complaint was error. (3 Washb. on Real Prop. [3d ed.] 348; *Ratcliffe* v. *Cary*, 4 Abb. Ct. App. Dec. 4; *Frier* v. *Jackson*, 8 Johns. 514; *Seneca Nation* v. *Hugaboom*, 9 N. Y. S. R. 99; *Enders* v. *Sternbergh*, 2 Abb. Ct. App. Dec. 55; *Stevens* v. *Hauser*, 39 N. Y. 302; *Coleman* v. *M. B. I. Co.*, 94 N. Y. 229; *People ex rel.* v. *Storms*, 97 N. Y. 367; *Langdon* v. *Mayor, etc.*, 93 N. Y. 147; *White* v. *Williams*, 48 N. Y. 344; *Donahue* v. *Case*, 61 N. Y. 632.)

*Charles E. Miller* and *Henry B. Anderson* for respondents. The title to premises lying between high-water mark and low-water mark of the Harlem river did not pass by the Nicolls' patent of 1666 to the freeholders and inhabitants of Harlem. (*Mayor, etc.*, v. *Hart*, 95 N. Y. 443; *Roberts* v. *Baumgarten*, 110 N. Y. 380; *Sage* v. *Mayor, etc.*, 154 N. Y. 61.) The deeds and wills in evidence, under which plaintiff claims title, do not locate the property or any part of it so as to enable a court or jury to render judgment. (Baylies Tr. Prac. 218.) No grant may be presumed. (*McFarlane* v. *Kerr*, 10 Bosw. 249; *Mission, etc.*, v. *Cronin*, 143 N. Y. 524; *Price* v. *Brown*, 101 N. Y. 669; *Roberts* v. *Baumgarten*, 110 N. Y. 380; *Jackson* v. *Woodruff*, 1 Cow. 276.)

*Per Curiam.* This was an action of ejectment, brought to recover the possession of a block of land in the city of New York, described in the complaint as bounded by 155th and

156th streets, the Eighth avenue, and a street to the eastward called Exterior street. The plaintiff's complaint was dismissed at the Circuit, and upon a motion made for a new trial, which was heard at the General Term upon exceptions directed to be heard there in the first instance, they were overruled, and judgment was ordered to be entered for the defendants.

There were two grounds taken in opposition to the plaintiff's right to recover, and they are stated in the opinion at the General Term as controlling the disposition of the case. One was that the premises in question formerly lay between high-water mark and low-water mark in the Harlem river, and, therefore, did not pass by Governor Nicolls' grant, in 1666, to the freeholders and inhabitants of Harlem, through whom the plaintiff claims to trace his title. The other ground was that the deeds in evidence did not locate the property, so as to enable the court or the jury to render judgment upon the complaint.

As to the first of these grounds, a careful review of the evidence must lead to the conclusion that almost, if not quite, all of the premises were within high and low-water marks of the Harlem river. That is the effect of the maps and of some of the other documentary evidence, and, also, of the testimony given by the plaintiff's witnesses. If the oral evidence proves anything, with any degree of certainty, it is that the land was covered by the rise of the tide in the river. That being so, the case falls within our decision in *Sage* v. *Mayor, etc.* (154 N. Y. 61); where we held that the title to the lands within the tideway of the Harlem river, between high and low-water marks, was vested in the city of New York through Governor Dongan's charter in 1686. That case decided that the prior grant of Governor Nicolls to the inhabitants of Harlem, in 1666, was confined by the western bank of the Harlem river, and did not comprehend within its boundaries the meadows, pastures and marshes adjoining the bank of the river as a part of the grant; that the eastern limit of the lands granted was high-water mark, and that his grantees took no title to the tideway, or other right in the

river in front of the upland, than would consist in those privileges or easements inherent in the riparian title, and which might be held, as against all but the Crown as trustee, for the People at large. This constitutes a fatal objection to the plaintiff's case; inasmuch as he relied upon a conveyance made by the inhabitants of Harlem to one Barent Waldron, through whom he claims as a predecessor in title.

But, if there could be any doubt upon this point, the second ground is fatal to the plaintiff's claim. The court below was quite correct in holding that the conveyances, subsequent to Waldron's possession, failed to contain such a description of the premises in question as to make it possible to locate them as a part of the property described in the earlier grants. Two principles should control in an action of ejectment. One is that the plaintiff must recover on the strength of his own title and cannot rely upon any weakness in that of the defendant. The other is that the evidence as to location must not be of that indefinite character which permits the court, or the jury, to reach a determination only by way of speculation. In this case, the plaintiff's evidence would not support a reasonable inference that the property described in the complaint was comprehended within any of the earlier grants, which are relied upon as links in the record chain of title.

One other point, only, needs to be referred to in the disposition of this appeal, and that relates to the effect of the proceedings for the opening of Eighth avenue, which were confirmed in 1816. It is urged, on behalf of the plaintiff, that there was therein an official recognition of his title on the part of the city of New York. The importance of this point to the plaintiff would seem to be to meet the claim of the defendant, Sarah Lynch, in her answer that her title was derived through a grant of the premises by the city of New York, as well as to strengthen his claim by such evidence as to title. It would be a violent assumption to hold that any portion of the premises in question was included within the description in the proceedings which is relied upon; but it is a sufficient answer to the argument that such proceedings have no other

effect than to vest in the city the title to the lands taken for
the purposes of a street.    Neither they, nor the incidental pro-
ceedings to assess the expenses of the public improvement
upon the lands benefited thereby, can have any effect upon the
titles to lands outside of those actually appropriated by the
public authorities.    There is no authority for holding other-
wise, and reason would be against it.

The case was tried with exceeding liberality on the part of
the trial judge towards the plaintiff, with respect to the intro-
duction of documentary and oral evidence, and his dismissal of
the complaint, for failure of the plaintiff to make out a case,
was correct,

The judgment and order appealed from should be affirmed,
with costs.

All concur, except PARKER, Ch. J., not sitting, and MARTIN,
J., absent.

Judgment and order affirmed.