HAFFEY v. LYNCH.

(Supreme Court, Appellate Division, First Department. December 22, 1899.)

SUPPLEMENTAL PLEADINGS—CONDITIONS FOR FILING.

Under Code Civ. Proc. § 544, giving the right to file supplemental pleadings upon such terms as are just, in an action where there had been two trials, and a reversal by the court of appeals, it was improper to require a defendant, as a condition to filing at a new trial a supplemental pleading setting up new facts, to pay all the accrued costs; but such condition should be modified so as to require the defendant to pay only the costs accruing after the time when the supplemental pleading could have been filed, and to stipulate to waive all costs previously awarded her, if she finally recovered, and to further stipulate that the plaintiff, if so advised, might discontinue the action, without costs.

Appeal from special term, New York county.

Action by Michael H. Haffey against Sarah Lynch. Appeal by defendant from the terms imposed as a condition to allowing her to serve a supplemental answer. Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Henry B. Anderson, for appellant.
Charles Strauss, for respondent.

INGRAHAM, J. The situation in this case is peculiar. The action was brought for the specific performance of a contract for the sale of real estate. By the contract the defendant agreed to convey a good title to the plaintiff, which was to be insured by a title guaranty company. After the execution of that contract, before the time of the completion thereof, an action of ejectment had been commenced to recover possession of the property from the defendant, and a lis pendens was filed. At the time for the completion of the contract the plaintiff refused to accept a deed without the guaranty of title, and the defendant offered a conveyance without a warranty or covenant against incumbrance, which the plaintiff refused to accept. She then tendered to the plaintiff the amount which he had paid upon the execution of the contract, which was also refused; and the action was brought for a specific performance, or, in case that could not be decreed, for the recovery of the damages sustained by the plaintiff in consequence of the breach of the contract by the defendant. Upon the first trial of that action, the plaintiff offering to accept a deed of the property, judgment for a specific performance of the contract was awarded. Upon appeal to the general term that judgment was reversed, and a new trial ordered. 19 N. Y. Supp.

59. Upon the new trial the complaint was dismissed, which dismissal, on appeal to the general term, was affirmed. 68 Hun, 508, 23 N. Y. Supp. 59. On appeal to the court of appeals this judgment was reversed; it being there held that, as it appeared upon the trial that the ejectment action in which the lis pendens had been filed had been terminated by a judgment in favor of the defendant against the plaintiff in the ejectment suit, the defendant could convey a good title to the property, and that under the circumstances the plaintiff was entitled to a decree for a specific performance. 143 N. Y. 248, 38 N. E. 298. This reversal by the court of appeals was in the year 1894, and nothing further seems to have been done in the action until 1899, when it was brought on for the new trial ordered by the court of appeals. It appeared upon that trial that a new action of ejectment had been commenced against the defendant to recover possession of the premises in suit, brought by the same plaintiff, and that a new lis pendens had been filed in such action. Counsel for the plaintiff objected to any evidence as to this new lis pendens, or the commencement of the new ejectment suit, and that testimony was excluded by the court upon the ground that it was not pleaded. The defendant then, with leave of the court, made a motion at special term for leave to file a supplemental answer alleging the commencement of this new ejectment suit, and the filing of a lis pendens therein; and that motion was granted upon condition that the defendant should pay all the costs of the action up to the present time. The defendant appeals from so much of this order as imposes, as a condition of the service of a supplemental answer, the imposition of these costs. The situation is peculiar, in this: that it is the defendant, the vendor, who apparently seeks to set up by supplemental answer an objection to her title to the premises, which, upon the record, the plaintiff seems to be willing to accept. The court of appeals held, in deciding this case, that:

"Equity courts, in awarding relief, generally look at the conditions existing at the close of the trial of the action, and adapt their relief to those conditions. The plaintiff in an equity action, as a general rule, should not be turned out of court on account of any defense interposed to his action, if at the time of the trial the facts are such that, if he then commenced his action, he would be entitled to the equitable relief sought."

Thus, the court, on the trial of this action, in determining the relief to which the plaintiff would be entitled, was to consider the situation of the property and the circumstances surrounding the transaction as they appeared at the trial. The trial judge held that the court could not consider a situation caused by facts which had occurred after the service of the answer, unless such facts were alleged by way of supplemental pleading; and it would seem for that reason that it was proper that either party should have been allowed to have set up by way of supplemental pleading the commencement of this new ejectment action, and the filing of the lis pendens therein. That being so, the question is then presented as to whether the court properly imposed, as a condition for allowing the supplemental pleading to be served, the payment of all the costs in the action, including all the appeals. By section 544 of the Code a right is given to

either party to have such facts alleged by a supplemental pleading upon such terms as are just. The imposition of all the costs in the action upon this defendant for allowing the service of a supplemental pleading which merely alleges a fact which has occurred since the filing of the former pleading, but which would affect the relief which should be granted, which had no relation to the situation presented at the time at which the original contract was to be performed,— there being no fault of the defendant by which the situation of the parties is changed,—was not, it seems to me, justified. This defendant is not asking to be relieved of any default or mistake. The defendant has been at all times willing to comply with the contract, to the extent of her ability. If the court should decree specific performance at this date, under the circumstances, it might well be that no costs in the action would be awarded against the defendant; and, if the action should be turned into one to recover damages against the defendant for a breach of the contract, it might well be, considering the situation, that not more than nominal damages would be awarded against her, and thus these costs would not be charged against her. On the other hand, if, upon the trial of the action, it should appear that the plaintiff was not entitled to relief, as the costs would be in the discretion of the court, it might well be that the court would refuse to give the defendant costs; but, at any rate, this application is simply to present in a proper way to the court upon the trial of the action the existence of a fact which has occurred after the defendant's former pleadings, where no default or mistake of the defendant is to be excused, and where, under the Code, the defendant would have a legal right to have this fact appear by supplemental pleadings. The failure of the defendant, however, to apply for leave to serve this supplemental pleading before the case was brought on for the new trial, justified the court, we think, in imposing the costs of that trial, as a condition for allowing the service of a supplemental pleading, which would include a trial fee, and the disbursements of the plaintiff. We also think that the defendant should be required to stipulate to waive all costs which had been awarded to her upon the former appeals or the former proceedings in the action, in case she should eventually recover, and further stipulate that the plaintiff may, if he is so advised, discontinue the action, without costs.

The order appealed from should therefore be modified accordingly, without costs to either party of this appeal. All concur.