MICHAEL H. HAFFEY, Respondent, v. SARAH LYNCH, Appellant.

1. REAL PROPERTY — ACTION FOR SPECIFIC PERFORMANCE — JUDGMENT CHARGING VENDOR WITH RENTAL VALUE DURING PENDENCY OF ACTION — DISCRETION OF SUPREME COURT. Where. in an action for the specific performance of a contract to convey real property. delayed for a number of years during the pendency of an action affecting the vendor's title, which was finally determined in her favor, the Appellate Division has unanimously affirmed a judgment confirming the finding of a referee, which charged the vendor with the rental value of the property during

the pendency of the litigation, although the land was vacant and the vendor received no rent therefrom, such finding is conclusive upon the Court of Appeals. While the Supreme Court might have relieved the vendor from liability for the rent, upon her waiving the interest on the purchase money, the question was, to some extent, one of discretion, and it cannot be held, as a matter of law, that it was erroneous to refuse such relief.

2. SAME — ERRONEOUS ALLOWANCE OF INTEREST ON RENTAL VALUE — RENT SHOULD HAVE BEEN APPLIED TO INTEREST ON UNPAID PURCHASE MONEY. It is erroneous, however, in such action, to charge the defendant with interest on the rental value of the premises from the termination of each year, where it appears that the rental value for each year during the litigation was less than the annual interest on the unpaid purchase money due to the defendant. Under the rule of partial payments, the rent should have been applied to the interest which accrued annually on the purchase money and itself should bear no interest. On the other hand, the plaintiff should be relieved from the interest on the taxes paid by the defendant, as the rent was applicable to their discharge.

*Haffey* v. *Lynch*, 119 App. Div. 885, modified.

(Argued June 9, 1908; decided October 6, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 16, 1907, which affirmed an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and a final judgment entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry B. Anderson* and *Roy C. Gasser* for appellant. It was error to hold that the sums that might have been received as rent for the property had the Jarvis claims never been made, were the proper measure of the damages to which the plaintiff was entitled for the defendant's failure to put him in possession of the property at the time agreed upon. (*Worrall* v. *Munn*, 38 N. Y. 137.)

*Charles Strauss* and *Eugene D. Boyer* for respondent. The plaintiff is entitled as a matter of right to the rents which

might have been received by him during the time he has been unlawfully deprived of the possession of the property which has been directed to be conveyed to him. (*Bostwick* v. *Beach*, 103 N. Y. 414; *Worrall* v. *Munn*, 53 N. Y. 185; *Worrall* v. *Munn*, 38 N. Y. 138; *Haffey* v. *Lynch*, 143 N. Y. 241; Code Civ. Pro. § 191, subd. 4; *Archer* v. *City of Mount Vernon*, 171 N. Y. 639.)

CULLEN, Ch. J.   In February, 1889, the defendant offered for sale at public auction the premises in controversy, at which the plaintiff became the purchaser for the sum of $7,800, paying ten per cent of the purchase money.   Before the title was closed one Jarvis brought an ejectment suit against the defendant for the recovery of the premises and filed a *lis pendens*.   In June, 1889, the plaintiff brought this action for the specific performance of the contract, alleging, however, in the complaint that the plaintiff's title was defective on account of the Jarvis suit and claiming that deduction from the purchase money be made for the incumbrance created by the institution of that action.   The trial of this case awaited the disposition of the Jarvis suit, which was determined adversely to the Jarvis claim.   This action was thereafter brought to trial and the complaint dismissed, which judgment was affirmed by the General Term of the Supreme Court on the ground that the plaintiff should have accepted the deed which the defendant had tendered him in performance of the contract of sale. (68 Hun, 507.) These judgments were reversed by this court and a new trial granted. (143 N. Y. 241.)   Meanwhile the Jarvis litigation had been renewed, the plaintiff having paid costs and taken a new trial under the provisions of the Code.   Jarvis was again defeated, but the litigation was not finally determined until the judgment of this court in 1899. (*Jarvis* v. *Lynch*, 157 N. Y. 445.)   Thereafter this action was again brought on for trial and an interlocutory judgment rendered granting the plaintiff specific performance of the contract and directing a reference to determine the amount due the defendant for the

unpaid purchase money, credit to be given to the plaintiff for
the rental value of the premises since the time when the con-
tract should have been performed. The report of the referee
was confirmed by the Special Term and final judgment
entered thereon. The defendant appealed to the Appellate
Division from the final judgment giving notice of her inten-
tion to review the interlocutory judgment. The Appellate
Division having unanimously affirmed both judgments this
appeal is taken.

On the present appeal the appellant seeks to review the
determination by the courts below only as to the amount that
the plaintiff is required to pay to her on a conveyance of the
property. Certainly, she has been very unfortunate in the liti-
gation. She has been charged with the rental value of the
property (which was vacant land) during a long period of
time, though as a matter of fact she has received no rent from
it. The existence of the Jarvis litigation, which seems to
have been groundless, has caused this suit to be protracted.
The appellant is now willing to forego the interest of the
purchase money if she can be relieved from the charge against
her for rental value, and cites *Worrall* v. *Munn* (38 N. Y. 137,
145) in support of that contention. That case, however, arose
on the sale of a quarry which had no rental value arising from
its annual use, but only such profit as might be realized from
its working. The case recognizes the general rule that the
purchaser who has been deprived of possession may recover
the rental value of the property if it has such. The finding
by the referee that the premises in suit had a rental value has
been unanimously affirmed by the Appellate Division, and
is conclusive upon this court. The Supreme Court might,
under the circumstances of this case, have relieved the defend-
ant from liability for such rent. The question, however, was
to some extent one of discretion, and we cannot say as a mat-
ter of law that the courts below erred in refusing to grant the
appellant's claim.

There is, however, one provision in the interlocutory judg-
ment and in the report of the referee made in conformity

with the direction of such judgment that is plainly erroneous. The defendant has been charged with interest on the rental value from the termination of each year. The unpaid portion of the purchase money was $7,000, the annual interest on which amounts to $420. The largest sum found by the referee to have been the rental value of the premises at any time during the litigation is $360 and taxes, which is less than the annual interest due the defendant. Therefore, the rent should have been applied to the interest which had accrued annually on the purchase money, and itself should bear no interest. The rule of partial payments is applicable to this case: "If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the periods when the payments, taken together, exceed the interest due;" which last contingency in this case never eventuated. (*Conn.* v. *Jackson*, 1 Johns. Ch. 17; *Williams* v. *Houghtaling*, 3 Cowen, 86; *French* v. *Kennedy*, 7 Barb. 452; *Bennett* v. *Cook*, 2 Hun, 526; *Clift* v. *Moses*, 75 Hun, 517.) Under the rule of computation adopted by the courts below it would be a mere question of time when in theory of law the whole purchase money would be paid by the rent, though the rent never equalled the interest. The interest thus improperly charged against the defendant amounted, at the date of the referee's report, to $2,449.58, and should be added to the sum which the plaintiff is required to pay on receipt of the conveyance. On the other hand, in accordance with the principle we have stated, the plaintiff should be relieved from the interest on the taxes paid by the defendant, as the rent was applicable to their discharge. The result of these two changes will be to increase the amount due from the plaintiff by $2,002.95.

The interlocutory and final judgments of the Special Term and the judgment of the Appellate Division should be modi-

fied so as to increase the amount due to the defendant by said sum of $2,002.95 as of the date of the referee's report, and as modified affirmed, with costs in this court to the appellant.

HAIGHT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment accordingly.