Joseph E. Marx Company, Inc., Appellant, v. Estelle Hatton and Others, Defendants, Impleaded with Louis A. Cerf and Dijon Corporation, Respondents. — Orders granting defendants, respondents' motions to dismiss complaint and amended complaint upon their compliance with certain conditions affirmed, with ten dollars costs and disbursements. The cases relied on by appellant did not arise under so-called emergency legislation; and in our opinion there is no distinction in principle between a pending action not yet in judgment and instances where there is a present right to foreclose although the action has not actually been commenced. We are also of opinion that the rents collected under the assignment of rents are applicable first to the payment of interest, taxes, assessments, water rates, insurance premiums, meter charges, and, as was further provided in the assignment, " any and all usual and necessary expenses for the maintenance of the said premises; " and that it was only after the payment of these specified charges that the rents could be applied in reduction of principal. The appellant's point, that the agreement of the defendant Dijon Corporation to refrain from moving to dismiss the complaint or from interfering with the entry of judgment deprived it of the benefits of the Mortgage Moratorium Act is answered by section 1077-d of the

Civil Practice Act█ rendering void such an agreement. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.