THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM NEVINS, Respondent, Impleaded with Others.— Order of the County Court of Queens county granting defendant's motion to dismiss the indictment reversed on the law, motion denied, and indictment reinstated. There was sufficient evidence before the grand jury to establish corroboration *prima facie* of the stories of defendants Linscott and Connor that defendant Nevins was connected with the commission of the crime charged in the indictment and to require that he meet the charge before a petit jury. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. EUGENE ROWAN, Respondent, Impleaded with Others.— Order of the County Court of Queens county granting defendant's motion to dismiss the indictment reversed on the law, motion denied, and indictment reinstated. There was sufficient evidence before the grand jury to establish corroboration *prima facie* of the stories of defendants Linscott and Connor that defendant Rowan was connected with the commission of the crime charged in the indictment and to require that he meet the charge before a petit jury. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

SHEEPSHEAD BAY BUNGALOW CORPORATION and Another, Appellants, v. MANDEL & COMPANY, INC., Respondent, and Others, Defendants.— While this court thoroughly approves of the findings of the learned Special Term upon the facts which may furnish a basis for a defense to be interposed in an answer as indicating fraud, bad faith or unconscionable conduct on plaintiffs' part in declaring the default (*Grof* v. *Hope Building Corp.*, 254 N. Y. 1), it cannot approve of the practice adopted, and concludes that the learned Special Term erred in summarily disposing of the issue before issue was joined, and without a formal motion for summary judgment under rule 113 of the Rules of Civil Practice. Under the circumstances shown, the motion was premature. At the time it was made this defendant, respondent, had not been served with process. This mortgage is not within the Mortgage Moratorium Acts (Laws of 1933, chap. 793; Civ. Prac. Act, §§ 1077-a to 1077-g; Laws of 1934, chap. 278; Laws of 1935, chap. 17), because it is dated after July 1, 1932. The procedure provided by section 1077-e for summarily dismissing an action upon remedying any default other than that of payment of principal (*Marx Company, Inc.*, v. *Hatton*, 241 App. Div. 691) has no application to the mortgage which is sought to be foreclosed in the present action. Nevertheless after issue joined the courts, in the exercise of equity powers, may furnish relief against overreaching or oppressive conduct such as has been found to exist in this case, where the plaintiffs by questionable methods are seeking foreclosure in violation of the rights of the mortgagor. (*Monaghan* v. *May*, 242 App. Div. 64; *Clinton Trust Co.* v. *142–144 Joralemon Street Corp.*, 237 id. 789.) The order is reversed on the law and the facts, without costs, and the motion denied, without costs, with leave to defendant Mandel & Company, Inc., to answer within ten days after service of the order to be entered upon this appeal, with notice of entry thereof. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.