ANIELA JABLONSKY, Plaintiff, *v.* VICTORIA ZALUCKI, Defendant.

County Court, Nassau County, January 29, 1936.

*Benjamin Kaplan,* for the plaintiff.

*James O'Connell,* for the defendant.

CAMPBELL, J. (Acting County Judge). This action is for the foreclosure of two mortgages — the first for $5,000, dated September 17, 1927, and the second, originally for $7,000, bearing the same date, and both with interest at six per cent.

The default consists in that defendant failed to pay an installment of interest due March 16, 1935.

It is undisputed that subsequent to August 26, 1932, the date when the Mortgage Moratorium Act became effective, defendant had paid $551 on the principal of the second mortgage. This payment of principal was made voluntarily by the defendant and at her request the application of such sum was so applied to reduce the principal. It is now the contention of the defendant that this payment of $551 should be applied by the court to satisfy the claim for interest past due, as it is urged that under section 1077-d of the Civil Practice Act it is against public policy for any mortgagor to waive the provisions of that section.

Section 1077-a provides that no action shall be maintained solely for or on account of a default in the payment of principal secured by a mortgage during the period of the emergency as defined in section 1077-g of the Civil Practice Act.

Section 1077-d provides: " Waiver against public policy. Any covenant or agreement or understanding in or in connection with

or collateral to any mortgage whereby a mortgagor waives or agrees to waive the protection intended to be afforded to him by sections ten hundred seventy-seven-a, ten hundred seventy-seven-b, and ten hundred seventy-seven-cc shall be deemed to be void as against the public policy and be wholly unenforceable." (Amd. by Laws of 1935, chap. 318, in effect April 8, 1935. See § 1077-g.)

It is solely a question as to whether or not a mortgagor can now make a voluntary payment to apply on the principal when due. Ordinarily, it would be the legal duty of the mortgagee to apply the excess, after satisfying interest due, to the reduction of the principal. (*Haffey* v. *Lynch*, 119 App. Div. 885; modfd. and affd., 193 N. Y. 67; *Williams* v. *Houghtaling*, 3 Cow. 86.)

The court stated in *Stanwix* v. *Leonard* (125 App. Div. 299): "Payments made to one holding several different obligations will be first applied to discharge of oldest obligations."

In this case it would seem immaterial as to which mortgage the over payments were applied in reducing principal, if such application could be legally made, since both mortgages bear the same date and no question has been raised as to that feature of the case.

*Marx Co.* v. *Hatton* (241 App. Div. 691) holds that an agreement by defendant in mortgage foreclosure action to refrain from moving to dismiss complaint or from interfering with entry of judgment does not deprive defendant of benefits of the Mortgage Moratorium Act, and the court specifically states: " We are also of opinion that the rents collected under the assignment of rents are applicable first to the payment of interest, taxes, assessments, water rates, insurance premiums, meter charges, and, as was further provided in the assignment, ' any and all usual and necessary expenses for the maintenance of the said premises; ' *and that it was only after the payment of these specified charges that the rents could be applied in reduction of principal.*"

The purpose of the Legislature in the enactment of the Mortgage Moratorium Act was to alleviate distress and provide for the general welfare. There might be cases where an injustice would result were the mortgagor denied the right to voluntarily reduce the principal. He might well improve his financial condition by making such payment.

It is the conclusion of the court that since the payment of $551 subsequent to the time that the Mortgage Moratorium Act became effective was voluntarily made, it cannot be now applied in the reduction of interest past due. The alleged tender was not sufficient in law to require the dismissal of the complaint.

In accordance herewith judgment of foreclosure is directed.