Johh E. Cone, J.
Two motions are here presented for determination. (1) Motion by the individual defendants Davis (hereinafter referred to as defendants) to dismiss the amended complaint for legal insufficiency (Rules Civ. Prae., rule 106) and (2) motion by plaintiff for an order directing judgment in his favor against said defendants.
*77 The latter motion which was initiated by plaintiff subsequent to the return date specified in the defendants’ notice of motion to dismiss, does not, in its notice, state the grounds for the motion for judgment. While the affidavits first submitted in support of said motion for judgment state that the motion is one for summary judgment, a supplemental affidavit by plaintiff’s attorney submitted in support of the motion indicates that the motion is based upon defendants ’ alleged failure to serve an answer (or otherwise move with respect to the amended complaint) within the statutory time prescribed for the service of an answer. In view of the foregoing, the court will treat plaintiff’s motion for judgment upon the basis of the intended grounds, namely, as a motion for judgment by default (cf. Potolski Int. v. Hall’s Boat Corp., 282 App. Div. 44).
Considering the plaintiff’s motion, then, as one predicated on an alleged default, the court concludes as follows: That while there has been no answer served to the amended complaint within the 20-day statutory period, the circumstances as they appear upon this motion are insufficient to establish satisfactorily plaintiff’s contention in effect that there was a failure to move against the amended complaint in sufficient time to effect an extension of time within which to plead as provided in section 283 of the Civil Practice Act. Plaintiff’s motion for judgment is accordingly denied.
It may be noted in passing that considered as a motion for summary judgment plaintiff’s motion would, in any event, be denied as premature (Rules Civ. Prac., rule 113; Sheepshead Bay Bungalow Corp. v. Mandel & Co., 244 App. Div. 811; Paprin v. Bitker, 64 N. Y. S. 2d 289; Smith v. Benjamin, 147 N. Y. S. 2d 524, affd. 2 A D 2d 666.)
Turning next to a consideration of the defendants’ motion to dismiss the amended complaint for insufficiency, I find that a cause of action is sufficiently stated in the' ‘ ‘ first cause of action ” contained in plaintiff’s amended pleading. Bearing in mind the well-established rule that a pleading challenged for legal insufficiency must be construed broadly and liberally, as well as the settled principles underlying said rule as they are expressed in Condon v. Associated Hosp. Serv. (287 N. Y. 411, 414), I find no merit in defendants’ contention to the effect that certain allegations contained in the first cause of action (insofar as they are material) are conclusory and inadequate. A distribution of funds constituting corporate assets, which is made with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud a creditor, is fraudulent as to such creditor (Debtor and Creditor Law, §§ 273, 276). In this *78 connection it is sufficient to allege generally, in a pleading, an actual intent to defraud, such as is alleged in the instant first cause of action, without alleging in detail the facts (Kain v. Larkin, 141 N. Y. 144; cf. Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185, 198).
Since the first cause of action is legally sufficient, it follows that the instant motion to dismiss, being addressed to the entire complaint, must be denied, without a need to consider the sufficiency of the other causes of action set forth in the amended complaint (Imperatrice v. Imperatrice, 298 N. Y. 549). The defendants have 10 days following service of the order to be entered hereon, with notice of entry, within which to serve an answer (Civ. Prac. Act, § 283).