Louis B. Heller, J.
In this action on two promissory notes, plaintiff moves for summary judgment and for dismissal of defendants’ affirmative defense and counterclaim, viz., criminal usury.
The following facts are not in dispute. Between June 28, 1974 and October 9, 1974, plaintiff delivered to defendant corporation various lumber and building material at a total agreed upon price of $48,300.69. The defendants paid $15,000 on account thereof, leaving a balance due and owing of $33,300.69. On October 23, 1974 the corporate defendant executed two promissory notes, duly indorsed by the individual defendants, and delivered them to plaintiff. The notes were in the amounts of $16,650.35 and $16,650.34, for a total of $33,300.69, the exact amount due plaintiff. Both notes bore interest at 24% per annum.
Note No. 1 became due on January 10, 1975; principal and interest thereon at the 24% rate came to $17,527.25. Defendants paid $5,000 on account of this note leaving a balance of $12,527.25, and executed a new note on January 15, 1975 for the said balance. When the note became due on March 10, 1975, defendants failed to make payment and the note remains unpaid.
*679 Note No. 2 became due on February 10, 1975 with principal and interest at 24% per annum amounting to $16,650.34. When the defendants could not pay this note they executed a renewal note for the same amount. The new note was not paid when it became due on March 30,1975 and is yet unpaid.
As its sole defense and counterclaim, defendants contend that the actual rate of interest charged on the notes is not 24% as stated thereon, but in excess of 25% per annum. Consequently, the notes are alleged to be criminally usurious and illegal and void under the laws of the State of New York.
Although not specifically cited by the defendants, the controlling statutes in support of their defense are section 190.40 of the Penal Law and Subdivision 3 of section 5-521 of the General Obligations Law. The Penal Law section, entitled Criminal Usury, penalizes as a felony the knowing unauthorized loaning of any amount at an interest rate greater than 25% per annum. Subdivision 3 of section 5-521 of the General Obligations Law permits corporations to interpose a defense of criminal usury as described in section 190.40 of the Penal Law.
To grant summary judgment to the plaintiff, it must clearly appear from the papers submitted that no material and triable issue of fact is presented (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404).
The defendants’ first contention in support of their defense is that upon the $5,000 partial payment of note No. 1 and execution of a new note for the balance of $12,527.25, the calculation of interest due on the new note was based in part on the $876.91 interest previously accrued on the original note. Defendants allege that, because of this improper levy of interest on interest, the real rate of interest charged on the new note was in excess of 25%.
The court finds this claim to be without merit. The general rule is that, in the absence of an agreement providing otherwise, partial payment of a debt is first applicable to the interest due (Shepard v City of New York, 216 NY 251, 256). If the payment exceeds the interest, the surplus goes toward discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due (Haffey v Lynch, 193 NY 67, 71).
In the instant case there is no allegation of any agreement as to how the $5,000 partial payment was to be applied. *680 Consequently, under the aforesaid rule, the prior accrued interest of $876.91 was completely discharged first with the remainder of the $5,000 then reducing the principal balance. Accordingly, the face amount of the new note was entirely comprised of principal and the calculation of the 24% per annum interest thereon is not in violation of the Criminal Usury Law.
The defendants’ second contention is that plaintiff owes them a credit of $1,661.72 from transactions which occurred in 1973 and that if this credit had been properly reflected in the face amount of the notes, viz., reduced the amounts of the notes by $1,661.72, then interest so charged on the notes, based on the reduced amount, would have been in excess of 25% per annum and thus criminally usurious.
The court also rejects this claim. The notes with a stated interest rate of 24% are valid on their face, and reflect undisputed amounts owing plaintiff for 1974 transactions. The defendants may not now vary these notes through parol evidence directly contradicting the clear terms of a written agreement where there is no allegation that the execution of the notes was induced by fraud (Leumi Fin. Corp. v Richter, 17 NY2d 166, 173).
The court therefore holds that no triable issues of fact exist as regards the defendants’ sole defense. The two promissory notes in question are not criminally usurious and the defendants may not interpose a defense of criminal usury.
Accordingly, defendants’ affirmative defense and counterclaim are dismissed and plaintiff’s, motion for summary judgment is granted.